UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THOMAS RUFF,

                              Plaintiff,

                              05 Civ. 5116 (CLB)

              - against -

WESTCHESTER COUNTY HEALTHCARE
CORP, a/k/a WESTCHESTER MEDICAL
CENTER, JOANNE CRAWFORD and
JOHN SPICER, Individually,

                            Defendants.
------------------------------------------------------------x

Brieant, J.

      By motion filed August 23, 2005, heard and fully submitted on September 30, 2005, Defendant Westchester County Health Care Corporation ("WCHCC" or "WMC") filed a Fed.R.Civ.P. Rule 12(b)(6) pre-answer motion (Doc. 4) to dismiss the Complaint. Opposition papers were filed September 13, 2005 and reply papers were filed September 22, 2005.

      On September 30, 2005, Defendants Joanne Crawford and John Spicer were dismissed from the action without prejudice and without costs.

      Plaintiff is a 56 year old man who brought this suit against Defendants for compensatory, economic and punitive damages, claiming that Defendants violated his rights under the Americans with Disabilities Act ("ADA") and the NY State Human Rights Law ("NYSHRL").

      Plaintiff was employed by the WCHCC as a respiratory therapist from November 1983 to

-1-

June 1990. From 2001 to 2004, Plaintiff worked primarily in the neonatal intensive care unit and pediatrics intensive care unit at the Westchester Medical Center (a WCHCC facility). On April 9, 2002, Plaintiff was pricked by a needle while drawing blood from a patient who had been diagnosed with HIV, and within 30 minutes was given the anti-HIV medication at WMC's emergency room. Plaintiff claims that the anti-HIV medication exacerbated his diabetic condition and resulted in night blindness and depression. In May 2002, Plaintiff developed a retina hemorrhage, which impaired his night vision and limited his peripheral vision, such that he could not drive at night. Plaintiff, whose work does not require that he drive a car, requested that he be given a work shift during the day. The request was denied. In June 2003, Plaintiff suffered a hemorrhage to his left eye and was on Workmen's Compensation (disability) leave until October 2003.

Plaintiff claims that due to Defendants' failure to provide him a day shift when he returned to work in October 2003, he suffered from severe distress and depression for which he had to seek, among other things, psychiatric treatment. Plaintiff was placed again on a Worker's Compensation leave until March 2004, at which time he was cleared to return to work. Plaintiff claims that in June 2004, Defendants denied in writing Plaintiff's request for a day shift, and refused to reinstate him to his work duties.

Plaintiff claims that Defendants knew that he was disabled or perceived him as disabled, due to his night blindness and depression, caused by, among other things, the April 2002 incident. He claims that Defendants discriminated against him on the basis of his disability, in

violation of the ADA; that they discriminated against him based on his disability and based on his age in violation of New York State Human Rights Law ("NYHRL").

It is clear that with respect to the only federal question presented in this lawsuit, Mr.Ruff does not plead that he has a Right-to-Sue Letter. The claim, although captioned under Title II of the ADA, is in fact a Title I claim which requires the Right-to-Sue letter. *Cf. Garrett v. Board of Trustees, etc.*, 531 U.S. 356, 360 n.1 (2001). See also *Zimmerman v. Oregon Dept. of Justice*, 170 F.3d 1169 (9th Cir. 1999).

Not mentioned in the Complaint but annexed to the affirmation of Costantino Fragale, attorney for Plaintiff, filed September 13, 2005 (Doc. 9) is a Right to Sue letter dated March 7, 2005. This lawsuit was filed May 27, 2005. The Plaintiff, if so advised may within twenty days, file an Amended Complaint under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.,* alleging a Right-to-Sue letter, and the Court will deem the Amended Pleading to relate back to the date of the initiation of this lawsuit. Clearly, Title II of the ADA has nothing to do with the case.

The Court declines to dismiss a Title I claim to be pleaded in an amended complaint that Plaintiff was denied a reasonable accommodation by reason of his claim of night blindness. Clearly, night blindness which prevents an employee from driving at night and cannot be corrected could be found by a jury to be a substantial limitation on a major life activity (seeing). See *Campobianco v. City of New York*, 422 F.3d 47 (2d Cir. 2005). Whether the requested

accommodation is unreasonable under all the circumstances remains a disputed issue of fact, as is the issue of whether Plaintiff is qualified to perform the duties of his position.

The Court agrees with Defendants that the New York Notice of Claim requirements bar all of the state law claims pleaded in the Complaint and they are dismissed without prejudice, as is the claim for age discrimination because it was not comprised within the EEOC filing.

This Court's prior stay of pretrial discovery is dissolved effective upon the filing of an Amended Complaint. Counsel for the parties shall confer and ascertain what pretrial discovery is necessary to be concluded with respect to the remaining ADA claim and establish a prompt schedule for accomplishing it.

A status conference with the Court will be held on February 10, 2006 at 9:00 a.m.

X

    X

        X

           X

SO ORDERED.

Dated: White Plains, New York
December 13, 2005

_____
Charles L. Brieant, U.S.D.J.

SO ORDERED.

Dated: White Plains, New York
December 13, 2005

　　　　　　　　　　　　　　　　　　　　　_Charles Brieant_
　　　　　　　　　　　　　　　　　　　　　Charles L. Brieant, U.S.D.J.